IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENTERPRISE SYSTEMS TECHNOLOGIES S.a.r.l., | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. |
| AUDIENCE, INC, | : : | Jury Trial Demanded |
| Defendant. | : : | |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Enterprise Systems Technologies S.a.r.l. ("Enterprise" or "Plaintiff"), for its Complaint against Defendant Audience, Inc. ("Audience" or "Defendant"), hereby alleges as follows:

## THE PARTIES

2. Plaintiff Enterprise is a foreign corporation organized under the laws of Luxembourg, located at 296-298 route de Longwy, Grand-Duche de Luxembourg.

3. On information and belief, Defendant Audience, Inc. is a Delaware corporation headquartered at 331 Fairchild Drive, Mountain View, California 94043. Audience is in the business of directly or indirectly designing, making, selling in the United States, selling in the United States after importation, importing into the United States, and instructing purchasers on the use of a variety of components utilized in communications or computing devices that are manufactured outside of the United States including, but not limited to, hardware-accelerated digital signal processors, audio codecs and other components utilized in smartphone handsets, tablet computers, e-readers, media players, laptop computers, and other communication- and/or computing-capable consumer electronic devices.

## NATURE OF THE ACTION

4. This is a civil action for the infringement of United States Patent No. 6,785,381 (the "'381 Patent")(attached as Exhibit A) entitled "Telephone having improved hands free operation audio quality and method of operation thereof" (the "Patent-in-Suit") under the patent laws of the United States, 35 U.S.C. § 1, *et. seq.*

5. Enterprise is the lawful assignee and owner of all right, title and interest in and to the Patent-in-Suit.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1338(a) because this lawsuit is a civil action for patent infringement arising under the patent laws of the United Stated, 35 U.S.C. § 101, *et seq*.

7. On information and belief, Audience is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due to having availed itself of the rights and benefits of Delaware by incorporating under Delaware law and to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this Judicial District.

8. Venue in this district is proper under 28 U.S.C. §§ 1400(b) and 1391(b) and (c). Audience is incorporated in this District and, on information and belief, has transacted business in this District and has contributed or induced acts of patent infringement in this District.

## COUNT I
### (Audience's Infringement of the '381 Patent)

9. Paragraphs 1 through 8 are incorporated by reference as if fully restated herein.

10. Enterprise is the assignee and lawful owner of all right, title and interest in and to the '381 Patent.

11. The '381 Patent is valid and enforceable.

12. On information and belief Audience is engaged in the manufacture, importation, sale for importation into the United States, and/or sale within the United States after importation of certain components utilized in communications or computing devices, including for example but without limitation, smartphone handsets, tablet computers, e-readers, media players, laptop computers, and other communications- and/or computing-capable consumer electronic devices. These devices directly infringe, both literally and/or by equivalence, the '381 Patent. For example, on information and belief, Samsung Electronics Co., Ltd, Samsung electronics America, Inc. and Samsung Telecommunications America, L.L.C. (collectively, "Samsung") and Apple, Inc. ("Apple") are each directly infringing the '381 Patent with devices such as Samsung's Galaxy S5 smartphone device and Apple's iPhone 5S device and other similar devices embodying the Patent.

13. On information and belief, Audience is contributing to and/or inducing the infringement by Apple of the '381 Patent. Audience actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '381 Patent by designing, manufacturing and selling components, for example but without limitation, digital signal processors, audio codecs, audio processors and other components, which if used for their normal and intended purpose lead to direct infringement of the invention claimed in the '381 Patent. There are no substantial noninfringing uses of these components. Audience knows and intends that the components will be used in their ordinary and customary manner for their

intended purpose, namely to facilitate mobile communications or computing, as evidenced by at least product literature distributed in connection with the subject components by Audience.

14. Prior to the filing of this complaint, Audience had actual knowledge of the '381 Patent and that its components and the products incorporating them are imported into, sold and used in the United States. In addition to actual knowledge of the '381 Patent, prior to the filing of this complaint, Audience also has knowledge that use of its components in devices by, among others, Samsung and Apple, and the use by consumers of the devices into which such components are incorporated, in the customary and intended manner is likely to infringe the '381 Patent. (*See* Exhibit B, Letter to Audience.)

15. On information and belief, Audience has continued to sell components and distribute product literature and website materials inducing Apple and others to use its products in the customary and intended manner which infringes the '381 Patent.

16. Enterprise is entitled to recover damages adequate to compensate for Audience's infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a) A judgment that the '381 Patent is valid and enforceable.

b) A judgment that Defendant has contributorily infringed and/or induced infringement of one or more claims of the '381 Patent; and

g) A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patent-in-Suit, up until the date such judgment is entered, including interest, costs, and

disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all claims and issues so triable.

DATED: June 17, 2014

Of Counsel:

Michael T. Renaud
James M. Wodarski
Andrew H. DeVoogd
Marguerite McConihe
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY & POPEO P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
mtrenaud@mintz.com
jwodarski@mintz.com
ahdevoogd@mintz.com
mmcconihe@mintz.com

Respectfully submitted,

FARNAN LLP

 /s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com

*Attorneys for Plaintiff*
*Enterprise Systems Technologies S.a.r.l.*